ALEXANDER v. CLARK, *Executor, Appellant.*

1. **Account Stated: SETTLEMENT: LIMITATIONS.** Where a settlement is had between parties in 1870 and a balance ascertained, and it is agreed that the account stated shall be binding on both parties,

but that the party in whose favor the balance is found shall endeavor to collect accounts considered available and not included in the settlement, and sell lands belonging to them and apply the proceeds to the payment of such balance before the other shall be called upon to pay it, and such business is not settled and the land, by reasonable effort, is not sold until 1879, the statute of limitations will not begin to run against such balance until the latter date.

2. **Instructions, Conflict in.** Defendant cannot be heard to complain that an instruction given at his instance conflicts with those given for plaintiff when such conflict constitutes an error in his favor.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*E. M. Hughes* for appellant.

(1) The first instruction given for plaintiff is erroneous. If a settlement was had on the 25th of February, 1870, and it was then found and agreed that Geo. Y. Bast owed Alexander $2200, it was an account stated, and the amount was due and owing at that time, the law immediately implied a promise to pay it and Alexander had then a right of action for that amount, and the statute of limitations began to run from that time. Angell on Limitations (2 Ed.) p. 139, sec. 8, and authorities cited ; 2 Greenleaf Ev. (3 Ed.) p. 151, § 126 ; *Powell v. Railroad Co.*, 65 Mo. 658 ; *Cape Girardeau R. R. Co. v. Kimmel*, 58 Mo. 83. The agreement to collect the amounts yet due the firm was not an agreement in the legal sense as there was no consideration to support it. *Stillwell v. Aaron*, 69 Mo. 539 ; 1 Greenleaf Ev., §§ 303, 304. (2) The third instruction given for plaintiff was also erroneous, for the same reason as the first. (3) The second instruction contains the same error as the first and third. Bast's authorizing Alexander to collect the accounts and sell the land, was a mere agency revocable by Bast at any time. *Erwin v. Arthur*, 61 Mo. 386. (4) The instructions given on the part of plaintiff are in di-

rect conflict with those numbered three and four given for defendant. (5) The fourth instruction for plaintiff was improperly given because there was no evidence to support it.

*Macfarlane & Trimble* and *James E. Withrow*, for respondent, cited Angell on Lim., p. 138, §§ 151 and 182; *Coudrey v. Gilliam*, 60 Mo. 88; *Massey v. Tingle*, 29 Mo. 438; *Shannon v. Austin*, 67 Mo. 485.

*John M. Barker*, also, for respondent.

(1) Plaintiff's first, second and third instructions were fully supported by the evidence. The law will not imply a promise to pay immediately in the face of a contract to the contrary as in this case. (2) There was no impropriety in giving plaintiff's fourth instruction. It was harmless at the most. (3) The court's modification of defendant's third and fourth instructions was proper and necessary to keep the time of payment before the mind of the jury.

NORTON, J.—This suit was commenced in the probate court of Montgomery county upon an account of $2,037.58 and interest. From the probate court it was taken to the circuit court of said county, and from there by change of venue to the circuit court of Audrain county, where it was tried and a verdict and judgment rendered in favor of plaintiff for the amount of his demand, and defendant appealed. Appellant having failed to make any statement of the case we adopt that made by respondent, in so far as we believe it to conform to the record.

The evidence showed that previous to the year 1861, Geo. Y. Bast, William H. Bast and B. W. Alexander (plaintiff) were doing business in St. Louis and Denver, Colorado, as a mercantile firm under the name and style of Bast, Alexander & Co. During the year of 1860 plaintiff and Wm. H. Bast bought the interest of Geo. Y. Bast in the concern. In 1861 the firm ceased to do business,

and all the assets were transferred to plaintiff, who was authorized to settle up the affairs. The transfer was made for this purpose only, plaintiff agreeing to sell the goods, collect the accounts and apply the amount realized to the payment of the debts, and to account to W. H. Bast. This agreement was in writing. On the 29th day of October, 1864, W. H. Bast transferred to Geo. Y. Bast, defendant's testator, all his interest in the unsettled business, which transfer was endorsed in writing on said agreement. Plaintiff continued in the settlement of said business until February, 1870, when, in order to ascertain how the business stood, Geo. Y. Bast employed an expert book-keeper to make an account of the business to that date. In making this account there was some dispute over certain items of credit which plaintiff claimed. These were finally agreed upon. When this account was taken it appeared that all the debts had been paid, and that plaintiff had paid to Bast considerable sums of money. On this accounting it was found that the concern owed plaintiff $4,490.16, one-half of which being $2,245.08, was due plaintiff from Bast. The account, as thus taken, was agreed to by both parties, and Bast agreed that he should be bound by it. At that time there were about $4,000 consisting of uncollected accounts, and some land which the parties thought might be made available, and Bast and plaintiff agreed that plaintiff should go on, collect what accounts he could, sell the land and apply what was realized towards payment of the balance, and whatever was not paid by that means Bast would pay plaintiff. Under this arrangement the matter was left until May, 1879, when the last piece of land was sold, and the accounts having proved unavailable, plaintiff credited the amount realized on the land and a balance remained due him from Bast of $2,087.58, which plaintiff demanded and payment was refused. This is the claim presented by plaintiff in this case. The account was exhibited to the probate court for allowance September 10, 1880. It was admitted that George Y. Bast died in December, 1879.

To defeat the claim defendant relied solely on the statute of limitations and the statute of frauds. Contending first that the account taken in 1870, was an account stated, and the statute of limitation commenced running from that date; second, that there was no consideration for an extension of the time of the payment and the agreement that payment might be delayed was void; third, that when the credit in 1879 was made the account was already barred and could not thus be revived; fourth, that the agreement of Bast to pay the balance found due on the account taken should have been in writing, and not being so was within the statute of frauds.

From the instructions on the part of plaintiff, as well as those given for defendant, it is evident that the trial court tried the case on the theory that the settlement made in 1870 was not a final settlement of all matters pertaining to the partnership affairs, but only a final settlement of the old books of the firm up to the date of settlement, and that it was agreed as part and parcel of said settlement, that the then ascertained balance in favor of plaintiff was not to be payable till Alexander, the plaintiff, made what he could from collections of assets of the firm and the sale of some land, which were not included in the account as stated, and which both parties considered available, and that the action of plaintiff was not barred by limitation, if plaintiff did not and could not by reasonable effort realize upon all said outstanding assets till in July, 1879. The evidence introduced tended to establish this theory. Mr. Miltenberger, an accountant who had been called upon by Mr. Bast to make an examination of the books, to ascertain whether he, Bast, owed Alexander or Alexander owed Bast, was introduced as a witness, and among other things, testified as follows:

"At the time I made the balances and delivered them, George Y. Bast and B. W. Alexander had an agreement that they would both abide by the balance that I made as a final settlement between them of the

old books and after the settlement Alexander wanted to know of Dr. Bast if he was then ready to settle up the balance and pay him the amount due him as found in the settlement. Dr. Bast replied to him, 'No, I am not ready until you try further to collect on the outstanding accounts and sell the lands. Go ahead and do that and apply it on the debt I owe you and if anything more is due you, then I will pay it.' Dr. Bast examined the books with me and was perfectly satisfied with the balance found. At the time of the settlement we all selected accounts to the extent of about $4000.00 ($900.00 of which was lands estimated at that sum and incorporated in the balance sheet) which Alexander and Bast directed me to treat as available and lay them aside for future collection, which were turned over to Alexander to settle the amount due him if they could be collected, and carry all the rest of the unpaid accounts to the profit and loss account as worthless, which I did. The understanding between Bast and Alexander was about this:

The remaining assets which were treated as probably good were to be collected as far as they could by Alexander and applied to the payment of the balance due him. The lands belonging to the concern were, also, to be sold by Alexander, and the proceeds applied on the balance due him, and after the collections were exhausted and the lands sold, Dr. Bast was to pay any balance yet due to Mr. Alexander. The accounts turned over for further collection turned out to be worthless. I do not know about the sale of the land."

The theory upon which the case was tried is further sustained by the fact that neither party, subsequently to the settlement, treated it as a final adjustment, for on the 14th of August, 1873, plaintiff wrote the following letter which was put in evidence:

"ST. LOUIS, August 14, 1873.

To GEORGE Y. BAST, ESQ.,

DEAR SIR: I have now whittled down your

indebtedness to me to about two thousand two hundred dollars, and I write you now to know if you have any proposition to make me in the way of settlement, or would you prefer having a suit to settle? Please advise me as I am now at the end of rope in collections on all claims in my hands.      Respectfully,

B. W. ALEXANDER."

This letter tended to show that plaintiff did not regard the settlement as final, and the evidence of L. C. Alexander tends to show that Mr. Bast regarded it in the same light.

This witness testified as follows:

"I am a son of the plaintiff; I knew Dr. Bast; knew him from 1859 to 1875. From 1870 to 1875 I met him often. In 1875 I heard a conversation in St. Louis, in father's office, between Dr. Bast and father. Father asked Dr. Bast for a settlement; Dr. Bast said you have securities enough to pay you, and if you do not make it out of the securities I am good for it. In this conversation father said, my account against you has never been paid; I have done my utmost to make it out of these lands and I could not sell them for any reasonable price, and accounts due the firm, but I cannot make what you owe me; I want you to pay me back what I have overpaid you. Both of them had a statement of the settlement as made by Mr. Miltenberger in 1870. Dr. Bast never disputed the statement but said go on and collect what you can out of the securities and sell the lands and I will pay the balance."

It is unnecessary to notice the objection made to the instructions given by the court, inasmuch as they fairly submitted the case to the jury on the theory which the evidence justified, that if, at the time the settlement was made and balance ascertained, it was agreed between the parties that plaintiff should first collect what he could out of the accounts considered available and not included in the settlement, and sell the land belonging to the firm,

and apply the proceeds of such collections and sale in payment of said balance, before Bast should be called on to pay, and that plaintiff did not, and could not by reasonable effort realize on the land till in 1879, his right of action was not cut off by limitation, the suit having been commenced within five years from the above date.

As to the third instruction given for defendant, which his counsel insist is in conflict with those given for plaintiff, it may be said, that in so far as it was in conflict it was an error in favor of defendant. Judgment affirmed. All concur.